NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-65

COMMONWEALTH

vs.

LUIS A. JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the defendant filed a notice of appeal from convictions in the Superior Court on indictments charging rape of a child and indecent assault and battery on a child (two counts), the trial judge allowed the defendant's motion for a new trial. Because of the protection against double jeopardy and the posture of this pending appeal, "the defendant is entitled to a review of the legal sufficiency of the evidence before another trial takes place." Berry v. Commonwealth, 393 Mass. 793, 798 (1985). We conclude that double jeopardy does not bar a retrial because the evidence was legally sufficient to support the convictions.

Discussion.  On appeal, the defendant claims that the judge should have allowed his motion for a required finding of not guilty as to each of the charges because the evidence failed to establish that he was the perpetrator.  When reviewing the sufficiency of evidence, "[the] question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Although the judge precluded the victim from identifying the defendant in court as the perpetrator, other evidence allowed jurors to reasonably conclude that the defendant was the perpetrator.

At the trial in 2022, the victim testified that around 2001-2002, when he was about ten to eleven years old, a camp counselor named Luis Johnson sexually assaulted him at a summer camp in Duxbury on two different nights.  The victim spent three summers at the camp and usually stayed for two overnight sessions -- ten days and twenty-one days.  During the day, Johnson acted as a "chaperone throughout the camp for different activities."  At night, Johnson stayed in the victim's cabin along with eight to ten boys.  The victim remembered Johnson "was kind of a short, black, chubby male" who "wore cornrows a

2

lot" as well as "a bunch of big, fake jewelry" that was "very distinctive." He also remembered Johnson was "very strict" and was "always talking about being from New York." Due to embarrassment and disgust, the victim kept the assaults "a secret for many, many years."

Testimony linked this counselor to the defendant bearing the same name. In 2019, the victim reached out to Ian Moorhouse, a former camp employee, through Facebook and asked if he recalled a camp counselor named Luis. Moorhouse responded on Facebook that he did and sent a cropped group photo of twelve camp counselors to the victim. Moorhouse cropped the photograph from a larger photograph that depicted the entire staff of the summer camp, including Moorhouse. Each summer, the staff posed for a group photograph. After viewing the cropped photograph, the victim replied to Moorhouse that he thought Luis was depicted. At trial, Moorhouse identified staff members by name (including himself and Luis Johnson) from the larger group photograph. Moorhouse also remembered Johnson "as being a pretty strict, but quiet guy," and he identified him in court as the person named Luis Johnson who worked at the summer camp. In court, the victim identified the person in the cropped photograph as the camp counselor he knew as Luis Johnson. The chief operating officer of the camp also testified that she

3

found an employment file for Luis Johnson.  This file indicated Luis Johnson was from Brooklyn, New York, and it contained a New York learner's permit with his photograph.

Taken together, all of this evidence "formed a mosaic . . . such that the jury could conclude . . . that the defendant was the [perpetrator]" (citation omitted).  Commonwealth v. Ayala, 481 Mass. 46, 53 (2018).  "It is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony, on comparison of all its details and particulars, should identify him as the offender." Commonwealth v. Coates, 89 Mass. App. Ct. 728, 732 (2016), quoting Commonwealth v. Doe, 8 Mass. App. Ct. 297, 300 (1979). The defendant's claim amounts to "an attack upon the weight, not the sufficiency, of the evidence."  Commonwealth v. Husband, 82 Mass. App. Ct. 1, 6 (2012).  "[T]he weight and credibility of the evidence . . . [is] a matter wholly within the province of the jury."  Commonwealth v. Martino, 412 Mass. 267, 272 (1992). Accordingly, it was up to the "jury to decide what weight to give" evidence that linked the defendant to the camp counselor who assaulted the victim.  Commonwealth v. Rivera, 91 Mass. App. Ct. 796, 801 (2017).  See Coates, supra (in absence of in-court identification, jurors could evaluate circumstantial evidence to "draw the inferences necessary to determine the identity of the

defendant beyond a reasonable doubt").  Because the judge properly denied the motion for required findings of not guilty, a new trial will not subject the defendant to double jeopardy.

We do not address the remaining issues raised by the defendant pertaining to the grand jury presentation.  See Commonwealth v. Hallinan, 491 Mass. 730, 751 (2023) (to avoid piecemeal litigation, appellate court generally declines review until entire case is ripe).  "Given that the defendant is entitled to a new trial, it would be premature for us to decide these issues."  Commonwealth v. Crowder, 495 Mass. 552, 571-572 (2025).

Order denying motion for required findings of not guilty affirmed.

By the Court (Blake, C.J., Hodgens & Toone, JJ.[1]),

Clerk

Entered:  June 9, 2025.

---

[1] The panelists are listed in order of seniority.